UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL FREITAS | : | CASE NO.  3: 06 CV 01897 (DJS) |
| Plaintiff | : | |
| | : | **DEFENDANT BRIDGESTONE** |
| | : | **FIRESTONE NORTH AMERICAN** |
| v. | : | **TIRE, LLC'S MOTION FOR** |
| | : | **SUMMARY JUDGMENT** |
| | : | **PURSUANT TO RULE 56** |
| | : | **OF THE FEDERAL RULES** |
| BRIDGESTONE/FIRESTONE | : | **OF CIVIL PROCEDURE** |
| NORTH AMERICAN TIRE, LLC | : | |
| and FORD MOTOR COMPANY | : | |
| | : | |
| Defendants | : | OCTOBER 31, 2007 |

Defendant Bridgestone Firestone North American Tire, LLC ("BFNT") hereby moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary dismissing the First and Second Counts of the Complaint, thereby dismissing the Complaint in its entirety.

On November 3, 2003, Plaintiff Michael Freitas ("Plaintiff") was driving westbound on I-84 in the Town of Southington, Connecticut in a Ford Excursion owned by A & M Towing & Recovery, Inc., his employer.  Plaintiff alleges that shortly after 10:00 a.m. the tread on the left front tire (the "subject tire") on the Excursion separated and that a rapid loss of air or blowout of the tire occurred, causing the Excursion to cross the median and run into two trees and a fence on the shoulder of the eastbound side of I-84. Plaintiff alleges that he suffered personal injuries as result of the accident.

Plaintiff alleges that the subject tire was purportedly defective, and brought this action pursuant to the Connecticut Product Liability Act ("CPLA"), Conn.Gen. Stat. § 52-572m *et seq*. The First Count of the Complaint alleges that the accident was caused by the failure of the subject

tire, and asserts a claim pursuant to the CPLA against BFNT, as the manufacturer and seller of the tire. (Complaint, First Count, ¶¶ 3, 11, 13). The Second Count of the Complaint asserts a claim pursuant to the CPLA against Ford, which installed and sold the subject tire on the Excursion as original equipment. (Complaint, Second Count, ¶¶ 5, 8, 12, 14).

The motion for summary judgment should be granted, and the First and Second Counts must be dismissed because no triable issues of fact exist.

As BFNT's accompanying Memorandum of Law demonstrates, in order to prove his case against BFNT and Ford under the CPLA, Plaintiff must plead and prove that the subject tire was defective and that the defect was the proximate cause of his injuries. However, Plaintiff cannot establish that a defect existed in the subject tire and that the defect was the proximate cause of his purported injuries because (a) Plaintiff has failed to offer the expert testimony that is required to establish that a defect existed and that the defect was the proximate cause of Plaintiff's injuries; and (b) even if, *arguendo,* expert testimony is not required in this matter, Plaintiff has failed to show that the tread separation would ordinarily result from a defect, and has also failed to show that there were no identifiable causes of the tread separation other than a defect that existed at the time of sale or distribution.

BFNT's Memorandum of Law shows that this is clearly a case in which expert testimony is required to establish that the subject tire was defective and that the defect was the proximate cause of his injuries because the fact of a purported defect in the subject tire is *not* within the common knowledge of the average juror, and because there are many other identifiable causes of the tread separation other than a purported defect. Plaintiff has not offered the expert testimony that is required to establish that a defect existed in the subject tire and that the defect was the proximate cause of his purported injuries. Furthermore, BFNT has offered extensive expert

2

testimony to show that the tread separation was not caused by a defect in the subject tire, but was caused by localized road hazard impact and by overdeflected operation.

BFNT's Memorandum of Law also shows that even if, *arguendo,* expert testimony is not required to establish liability under the CPLA in this matter, Plaintiff cannot establish his claim under the CPLA because he has failed to show that the tread separation would ordinarily result from a defect, and has also failed to show that there were no identifiable causes of the tread separation other than a defect that existed at the time of sale or distribution. Furthermore, BFNT has shown that the tread separation would not ordinarily result from a defect, and that there were identifiable causes of the tread separation other than a defect that existed at the time of sale or distribution.

Plaintiff cannot prove his case under the CPLA. Summary judgment should therefore be granted dismissing the First and Second Counts of the Complaint because both of those Counts are brought under the CPLA.

In support of this Motion, BFNT submits its Memorandum of Law, Local Rule 56 (a)(1) Statement and Affidavit of Matthew Feigenbaum.

Respectfully submitted,

**DEFENDANT,**
**BRIDGESTONE FIRESTONE**
**NORTH AMERICAN TIRE, LLC**

By:___/s/ Matthew Feigenbaum_____
Matthew Feigenbaum, Esq. (ct23215)
Cohn Birnbaum & Shea, P.C.
830 Post Road East, Suite 301
Westport, Connecticut   06880
Phone: 203-341-9595
Fax: 203-341-9696
mattf@cbsheawestport.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 31, 2007, a copy of the foregoing Bridgestone Firestone North American Tires LLC's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Matthew Feigenbaum
Matthew Feigenbaum
ct 23215
Cohn Birnbaum & Shea, P.C.
830 Post Road East
Suite 301
Westport, Connecticut  06880
PH:  (203) 341-9595
FX:  (203) 341-9696
mattf@cbsheawestport.com

140129v1/07550.016

4